**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **PLATINUM PROPERTY** | : | |
| **MANAGEMENT SERVICES,** | : | |
| **LLC,** *as next friend*, | : | |
| **Steven M. Long, and** | : | |
| *as next friend*, **Connie J. Long,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:13-CV-2846-WSD-AJB** |
| **v.** | : | |
| | : | |
| **TIFFANY M. WEST-PRYOR** | : | |
| *and all others*, | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court on a frivolity review pursuant to 28 U.S.C. § 1915(e).  For the reasons below, the undersigned **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

**I.    Introduction**

On August 26, 2013, Defendant Tiffany M. West-Pryor, proceeding *pro se*, filed an IFP application seeking to remove the state dispossessory action brought against her by Plaintiff Platinum Property Management Services, LLC, ("PPMS") in the Magistrate

Court of Gwinnett County, Georgia.  [Doc. 1-1 at 5].[1]  Defendant states that she seeks to remove the action on the grounds that Plaintiff violated Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Rule 60 of the Federal Rules of Civil Procedure, and O.C.G.A. § 51-1-6, and that the dispossessory action violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. [Doc. 1-1 at 1-2].  She seeks removal, "adequate discovery," and "relief this Court deems just and proper."  [*Id.* at 3].

## II.    Frivolity Review

### A.    Standard

Because the undersigned has determined in a separate order that Defendant may proceed IFP, the Court must perform a frivolity review pursuant to 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).   A claim is frivolous under

---

[1]     The Gwinnett County Magistrate Court assigned the matter Civil Action No. 13-M-12135.  [Doc. 1-1 at 5].

2

§ 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11ᵗʰ Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11ᵗʰ Cir. 2001)).   A litigant does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.' " *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11ᵗʰ Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   A *pro se* pleading is liberally construed.   *Douglas v. Yates*, 535 F.3d 1316, 1320 (11ᵗʰ Cir. 2008). As the following discussion demonstrates, the undersigned determines that Defendant improvidently removed the state-court action to this Court.

## B.    Analysis

A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  However, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11ᵗʰ Cir. 1999).  Thus, a "district court first must determine whether it has original jurisdiction over the . . . claims" of the party asserting federal jurisdiction.  *Id.*  Original jurisdiction under § 1441 arises if there is diversity

AO 72A
(Rev.8/8
2)

of parties or a federal question.  *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999).  "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time."  *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The undersigned first examines whether there is diversity jurisdiction, then considers federal-question jurisdiction.

## 1.     Diversity Jurisdiction

Under 28 U.S.C. § 1332, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states.  28 U.S.C. § 1332(a).  Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  The removal statute does not provide an in-state defendant the same flexibility in removing cases.  *Id.* at 89-90 ("The scales are not evenly balanced, however[,]" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity

4

jurisdiction.).   Instead, § 1441(b) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought."  *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

The Court concludes that Defendant cannot show diversity jurisdiction for two reasons.  First, Defendant cannot meet the amount-in-controversy requirement.  As a District Judge in the Northern District of Georgia has held in a similar context:

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and Defendant or that the amount in controversy in this matter exceeds $75,000.00.  As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.  *See Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) (holding on nearly identical facts that claim for ejectment in summary dispossessory proceeding after foreclosure sale cannot satisfy the amount in controversy requirement as a matter of law).  Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

*Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) (Story, J.).  As a result, Defendant cannot meet the amount-in-controversy requirement in this dispossessory proceeding.

AO 72A
(Rev.8/8
2)

Second, even if Defendant could establish the amount-in-controversy requirement, § 1441(b) does not permit removal on diversity grounds to this Court because Defendant appears to be a citizen of the State of Georgia, which is the state where PPMS's dispossessory proceeding was brought. *See Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that defendant's removal of foreclosure action brought in an Ohio state court to an Ohio federal court was improper because defendant was a citizen of Ohio); *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the defendants were citizens of the forum state).

For these reasons, the Court finds that removal is not proper on the basis of diversity of citizenship.

## 2.    Federal Question Jurisdiction

A federal question exists if a civil action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 530-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013

6

(11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). The removing defendant bears the burden of proving a federal question exists. *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). For the reasons below, the undersigned finds that Defendant's four bases for removal—the FDCPA, Rule 60 of the Federal Rules of Civil Procedure, O.C.G.A. § 51-1-6, and the Fourteenth Amendment, [Doc. 1-1 at 1-2]—do not demonstrate that the Court has federal-question jurisdiction over the dispossessory action.

First, the undersigned concludes that the FDCPA does not provide a basis for the removal of the dispossessory action. "The FDCPA was designed to protect consumers from the 'abusive, deceptive and unfair debt collection practices' of debt collectors." *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F. Supp. 2d 1015, 1018 (E.D. Mo. 2007). There is no indication that PPMS pleaded a claim under the FDCPA in its state-court dispossessory action. Given that the state-court proceeding is an attempt by PPMS to dispossess Defendant and collect back rent, not a suit to prevent debt collection upon PPMS, it makes sense that PPMS would not have raised an FDCPA claim. Instead, as

7

is evident from the notice of removal, [Doc. 1-1 at 1], Defendant's reliance on the FDCPA is only a defense.  *Cf. Wells Fargo Bank, N.A. v. Ricotta*, No. 06-cv-1702, 2006 WL 2548339, at *1 (D. Colo. Aug. 31, 2006) ("The Defendant's conclusory and uncited assertion that an attempt to foreclose somehow implicates the Fair Debt Collection Practices Act is, at best, an indication that the Defendant intends to assert a federal-law defense or counterclaim to the state-law foreclosure proceeding."). A defense does not provide a basis for removal.  *See, e.g.*, *Acker*, 527 U.S. at 431 (noting that an actual or anticipated defense does not generally qualify a case for removal). As a result, the FDCPA does not provide this Court with subject-matter jurisdiction over the dispossessory action.

Second, O.C.G.A. § 51-1-6 does not provide federal-question jurisdiction because it is a state statute.

Third, Rule 60 of the Federal Rules of Civil Procedure also does not provide a basis for removal on federal-question grounds.  As a rule of federal procedure, Rule 60 does not provide any substantive rights.  It is merely a procedural rule, so the lawsuit cannot arise under Rule 60.  *See Whitaker & Co. v. Sewer Imp. Dist. No. 1 of Dardanelle, Ark.*, 221 F.2d 649, 652 (8th Cir. 1955) ("Substantive rights are not determined by these Rules, which are purely adjective."); *Transwestern Pipeline Co.,*

8

*LLC v. 9.32 Acres, More or Less, of Permanent Easement Located in Maricopa Cnty.*, 544 F. Supp. 2d 939, 945 (D. Ariz. 2008) ("It is well recognized that the federal rules of civil procedure are just that, and cannot be used to abridge, enlarge or modify substantive rights."); *State Police for Automatic Retirement Ass'n v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001) ("[T]he Federal Rules of Civil Procedure do not create independently enforceable rights upon which [a plaintiff] may sue.").

Fourth, the Due Process Clause of the Fourteenth Amendment to the United States Constitution similarly is unavailing to Defendant.  As noted above, PPMS instituted dispossessory proceedings against Defendant, and there is no indication that PPMS's civil complaint in the dispossessory proceeding raises a claim under the Due Process Clause or indeed any other federal law.  Instead, Defendant appears to be relying on the Due Process Clause as a defense to the dispossessory proceedings.  "[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction' "; thus, Defendant cannot remove the dispossessory action based on the Fourteenth Amendment to the United States Constitution.  *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (affirming award of attorney's fees for improvident removal where defendants claimed in part that removal of default and foreclosure action was based on violation of due process clauses of the

9

Fifth and Fourteenth Amendments); *Wachovia Bank, N.A. v. Ellison*, No. 1:07-cv-18, 2007 WL 1140437, at *1 (M.D.N.C. Apr. 17, 2007) (finding that court did not have subject-matter jurisdiction over removed foreclosure action and that "[a]ll of the constitutional claims raised by Defendant exist[ed] as defenses to Plaintiff's action against him and are distinctly absent from the original complaint"); *Cendant Mortg. Corp. v. Clemmer*, No. 5:05-cv-4068, 2005 WL 2455577, at * 2 (D. Kan. Oct. 5, 2005) (finding that notice of removal alleging violations of the Fifth Amendment's Takings Clause and denial of due process did not provide a court with subject-matter jurisdiction over state-court foreclosure action because "[r]emoval cannot be predicated on allegations contained in defendants' notice of removal or subsequent documents" and federal defenses do not provide a basis for removal); *Christiano v. Shapiro*, No. 87-cv-3104, 1987 WL 18778, at *1 (E.D.N.Y. Oct. 14, 1987) (remanding case to state court in part because "[p]etitioner's claimed denial of due process [was] collateral to the landlord-tenant action initiated by the landlord"); *see also Acker*, 527 U.S. at 431 (noting that an actual or anticipated defense does not generally qualify a case for removal).

Because Defendant has not shown a legitimate basis to remove PPMS's dispossessory action to federal court so as to establish original jurisdiction in this Court,

AO 72A
(Rev.8/8
2)

the undersigned **RECOMMENDS** that the case be **REMANDED** to the Magistrate

Court of Gwinnett County, Georgia.

**III.    Conclusion**

For the reasons above, the Court **RECOMMENDS** that this case be

**REMANDED** to the Magistrate Court of Gwinnett County, Georgia.  The Clerk is

**DIRECTED** to mail Defendant's copy of this Report and Recommendation and the

associated Order for Service to the following address:

> Tiffany M. West-Pryor
> 4193 Moonbeam Way
> Snellville, GA 30039

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 28th day of August, 2013.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

11