IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PLATINUM PROPERTY
MANAGEMENT SERVICES, LLC,
as next friend of STEVEN M. LONG
and as next friend of CONNIE J.
LONG,

            Plaintiff,

v.

TIFFANY M. WEST-PRYOR and
all others,

            Defendant.

1:13-cv-2846-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] ("R&R"), which recommends remanding to state court this dispossessory action that Defendant Tiffany M. West-Pryor ("Defendant") wrongfully removed to this Court.

**I.    BACKGROUND**

This is a dispossessory action filed by Plaintiff Platinum Property Management, LLC ("Plaintiff") against Defendant in the Magistrate Court of Gwinnett County, Georgia. On August 26, 2013, Defendant removed the case to

this Court by filing her "Petition for Removal of Action" and an application to proceed *in forma pauperis* ("IFP Application").  Defendant asserts that, in attempting to evict Defendant from her home, Plaintiff violated the Fair Debt Collection Practices Act, the Federal Rules of Civil Procedure, and the Due Process Clause of the Fourteenth Amendment.

On August 28, 2013, Magistrate Judge Baverman issued his R&R recommending that the Court remand this case to state court.  The R&R concludes that diversity jurisdiction is lacking because, as this case is a dispossessory action, Plaintiff cannot establish that the amount in controversy exceeds $75,000.  The R&R further notes that there is no indication that the parties have diverse citizenship.  The R&R also concludes that federal question jurisdiction is lacking because there is no indication that this case is brought pursuant to federal law, and a defense or counterclaim based on federal law is insufficient to confer federal subject-matter jurisdiction.  For these reasons, the Magistrate Judge concluded that there is no federal jurisdiction over this cause of action and that the case is required to be remanded to state court.

Defendant has not filed objections to the R&R and does not appear to oppose the remand of this case.

**II.     DISCUSSION**

    A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.     Analysis

The Court agrees with the R&R's conclusion that the Court lacks diversity jurisdiction over this matter because Defendant has not demonstrated that the amount in controversy exceeds the statutory threshold of $75,000.  "[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."  Fed. Home

Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008); see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) ("[T]his court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002).  An owner who has lost his home to foreclosure has an emotional and sentimental investment in his home that cannot be calculated.  Defendant, however, cannot allege the perceived benefit in her residence exceeds $75,000.00 and thus, is unable to meet the jurisdictional amount required to support the Court's exercise of diversity jurisdiction.  See Best Buy Co., 269 F.3d at 1319; Citimortgage, 705 F. Supp. 2d at 1382; Novastar Mortg., 173 F. Supp. 2d at 1361-62.

  The Court also agrees with the R&R's conclusion that the Court lacks federal question jurisdiction over this matter.  It is well-settled that federal-question jurisdiction only exists when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539

U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).

Because the Court lacks subject matter jurisdiction over this matter, the Court adopts the recommendation to remand this case to the state court.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED**.  The Clerk is **DIRECTED** to **REMAND** this action to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 24th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE